## Case No. 16,605.

### UNITED STATES v. VALLEJO.

[Hoff. Dec. 51.]

District Court, N. D. California. Jan. 25, 1862.

CALIFORNIA LAND GRANTS—DECREES OF CONFIRMATION—RES JUDICATA—SURVEYS.

[After a decree confirming a grant according to described boundaries, and the dismissal of an appeal therefrom, the court has no authority, in determining questions relating to the survey, to assume the invalidity of the original grant.]

---

## Case No. 16,606.

### UNITED STATES v. VALLEJO.

[Hoff. Op. 53; Hoff. Dec. 3.]

District Court, N. D. California. July 5, 1859.[1]

MEXICAN LAND GRANTS — CONFIRMATION — EVIDENCE—JURISDICTION OF COURT.

[1. Claim confirmed, notwithstanding a failure to produce the original grant; its loss being accounted for by the fact that the grantee was killed during the war, and it appearing that the archival evidence was complete and regular in all respects, and that the grantee was in possession from a date long prior to the grant.]

[1] [Affirmed by the supreme court in 1 Black (66 U. S.) 283.]

[2. The court has no jurisdiction, in a proceeding to confirm a grant. to inquire into any questions of private right between the heirs or devisees of the grantee and the present claimants. The decree of confirmation must be made to the claimant, or to the legal representatives of the deceased grantee. whoever they may be. and without prejudice to the rights of any one who may be lawfully entitled under him.]

[Claim of Mariano G. Vallejo to the Pina ranch. in Sonoma county.]

HOFFMAN, District Judge. This case has been submitted without argument, the district attorney not disputing the genuineness or validity of the claim. The original grant is not produced. Its nonproduction, however. is not a ground for suspicion, for the grantee was killed during the war, and. after searching, the grant could not be found. The expediente is found in the archives. duly numbered as its date required, and the grant is noted with its approximate number, the names of the grantee. and of the land granted, in Jimenio's index. A certificate of confirmation by the departmental assembly is also attached to the expediente, dated October 8, 1845, and, on reference to the journal of that body, the reference to the committee on vacant lands. the report of that committee, and the resolution of approval are found duly recorded. The signatures to all the documents in the expediente are proved to be genuine. and all the preliminary proceedings and the issuance of the grant appear to have been strictly regular. The occupation of the tract by Pena, the grantee, from a date long anterior to that on which the grant was approved by the assembly, is also shown. The proofs of the validity of this claim are thus far as full and as reliable as could be offered in support of any grant made by the former government of this country. There can be no doubt but that it should be confirmed. The contents of the lost grant are proved, not only by parol testimony, but by the concession and the approval of the departmental assembly. The claim has been presented by M. G. Vallejo. The conveyance from Pena to him appears to have been made before the grant was obtained by the former.

This court has no jurisdiction to inquire, in the present proceeding, into any questions of private right between the heirs or devisees of the grantee and the present claimant. The decree of confirmation must, therefore, be made to M. G. Vallejo, claimant, or to the legal representatives of the deceased grantee. whoever they may be, and without prejudice to the rights of any one who may be lawfully entitled under him.

[On appeal to the supreme court. this decree was affirmed. 1 Black (66 U. S.) 283.]